UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Madeline Cox Arleo |
| v. | : | Crim. No. 15-597 |
| WAYNE HAMERLING and ALFREDO CASTANEDA | : | <u>COMPLEX CASE ORDER</u> |

This matter having come before the Court on application of Paul J. Fishman, United States Attorney for the District of New Jersey (by Justin S. Herring, Assistant U.S. Attorney), defendants Wayne Hamerling (by Thomas R. Calcagni, Esquire, and Eric T. Kanefsky, Esquire) and Alfredo Castaneda (by Leo J. Hurley, Jr., Esquire), for an order (1) designating the above-captioned case as "complex" for the purposes of computing and excluding time under the Speedy Trial Act, 18 U.S.C. § 3161 (the "STA"); (2) setting a deadline for discovery under Rule 16 of the Federal Rules of Criminal Procedure; and (3) setting a schedule in this case; and the defendants being aware that absent such an Order they would have the right to be brought to trial within 70 days of their appearance before a Judicial Officer in this District in connection with this matter or the filing of an Indictment, whichever date last occurred, pursuant to Title 18, United States Code, Section 3161(c)(1); and the charges being the result of a lengthy investigation and the defendants needing additional time to review discovery, which includes, among other things, thousands of documents and audio recordings, and to investigate the charges and file motions in this case, and to effectively prepare for the filing of motions and trial; and the parties having

concurred on the record that this matter is complex as defined in the Speedy Trial Act of 1974, and the Court having found that an Order granting a continuance of the proceedings in the above-captioned matter should be entered, and for good and sufficient cause shown,

IT IS THE FINDING OF THIS COURT that this action should be continued for the following reasons:

1. This case involves the allegation of money laundering, evading reporting requirements, and structuring, which charges are more fully set forth in an Indictment, Criminal No. 15-597 (MCA).

2. The Indictment is the result of a long term investigation by multiple law enforcement agencies.

3. Discovery in this matter is voluminous, including thousands of documents and audio recordings.

4. The parties anticipate that motion practice in this matter may be complex and lengthy.

5. The defendants require additional time to review discovery, to investigate the charges, and to develop possible defenses to the charges. It is further anticipated that once counsel has had an opportunity to review the evidence, the defendants may file pre-trial motions.

6. Based upon representations made by defense counsel, including representations made concerning voluminous discovery that must be reviewed and the complexity of issues in this matter, it is unreasonable to expect

defense counsel to be able to adequately prepare for pretrial proceedings and the trial itself pursuant to the Court's standard Order for Discovery and Inspection.

7. In light of these finding, and given the nature of the prosecution, and its complexity, it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established under the Speedy Trial Act of 1974.

8. The grant of a continuance will enable counsel for the defendants to adequately review the discovery, prepare motions, and proceed with trial.

9. The Court finds that the defendants have entered into a knowing, voluntary, and intelligent waiver of their rights under the Speedy Trial Act of 1974.

10. Pursuant to Title 18, United States Code, Section 3161(h)(7), the ends of justice served by granting a continuance outweigh the best interests of the public and the defendants in a speedy trial.

WHEREFORE, it is on this 29th day of February, 2016,

ORDERED that this matter is hereby designated to be a complex case pursuant to Title 18, United States Code, Section 3161(h)(7)(A), (h)(7)(B)(ii) and (h)(7)(B)(iv); and it is further

ORDERED that the following schedule shall be set:

Rule 16 discovery shall commence immediately;
Rule 16 discovery shall be complete on March 14, 2016;
Pretrial motions shall be due August 23, 2016;
Responses shall be due September 13, 2016;
Replies shall be due September 29, 2016;
A motions hearing shall be set for October 18, 2016, at 2 pm;

Trial shall commence on January 24, 2017, at 9:30 am; and it is further

ORDERED that the period between the date of this Order and January 24, 2017, shall be excluded in computing time under the Speedy Trial Act of 1974 pursuant to the provisions of Title 18, United States Code, Section 3161(h)(7)(A).

_____
HON. MADELINE COX ARLEO
United States District Judge

Consented and Agreed to by:

_____
Justin S. Herring
Assistant United States Attorney

Approved by:

_____
John Gay
Deputy Criminal Chief

_[signature]_
Thomas R. Calcagni, Esquire
Eric T. Kanefsky, Esquire
Counsel for Wayne Hamerling

_____
Leo J. Hurley, Jr., Esquire
Counsel for Alfredo Castaneda